IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00050-MSK-KLM

CARY MURPHY,

   Plaintiff(s),

v.

ROBERT ALEXANDER LIGGETT, and
GAINEY TRANSPORTATION SERVICES, INC.,

   Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter comes before the Court on **Defendants' Motion to Strike Plaintiff's Supplemental Expert Disclosures** [Docket No. 26; filed September 27, 2007] (the "Motion to Strike").

Defendant requests that Plaintiff's supplemental expert disclosures be stricken for failure to comply with Fed. R. Civ. P. 26(a)(2)(B). As support, Defendant alleges that while Plaintiff's expert witness disclosures were due on or before July 31, 2007, Plaintiff did not disclose any experts until he submitted his "supplemental expert disclosures" on September 7, 2007. *Motion to Strike*, p. 2; Ex. A. Defendant contends that Plaintiff's expert disclosures fail to provide signed reports, curriculums vitae, lists of publications, compensation rates or lists of other testimony, despite the requirements of Fed. R. Civ. P.

1

26(a)(2)(B); Ex. A.  For his part, Plaintiff has failed to respond to these allegations within the twenty day period, pursuant to D.C. Colo. L. Civ. R. 7.1(C).

Fed. R. Civ. P. 26(a)(2)(B) requires that expert witness disclosures contain "a written report prepared and signed by the witness . . . a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness; a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

Upon examination of Plaintiff's expert disclosures, it appears that Plaintiff intends to call eighteen expert witnesses to testify regarding his injuries.  *Defendant's Motion to Strike*, Ex. A.  First, Plaintiff has exceeded the limitation of five (5) expert witnesses per side established by the Scheduling Order in this case [Docket No. 16; filed April 20, 2007]. Second, Plaintiff failed to provide written reports prepared and signed by the experts, the exhibits to be used by the experts, curriculums vitae of the experts, lists of publications authored within the preceding ten years, the compensation to be paid for the study and testimony or a listing of any other cases in which the witnesses have testified as experts within the preceding four years, all of which are required pursuant to Fed. R. Civ. P. 26(a)(2)(B). Further, Plaintiff's expert disclosures were due on July 31, 2007. *Scheduling Order* [Docket No. 14; filed April 20, 2007].   Defendant states that while Plaintiff

characterizes his September 7, 2007 disclosures as "supplemental," Plaintiff made no prior disclosures of expert witnesses that he could then supplement.  Therefore, Plaintiff's expert disclosures are untimely and inadequate.

Accordingly, IT IS HEREBY ORDERED that **Defendants' Motion to Strike Plaintiff's Supplemental Expert Disclosures** [Docket No. 26; filed September 27, 2007] is **GRANTED**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated:		October 31, 2007